IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TYRON DEBARON WILLIAMS,**

    **Plaintiff,**

v.                                                      Case No. 4:23-cv-359-AW-MAF

**RICKY DIXON and
CARTER HICKMAN,**

    **Defendants.**

_____/

## **ORDER GRANTING MOTION TO DISMISS IN PART**

Plaintiff—pro se prisoner Tyron Williams—sued the Secretary of Florida's Department of Corrections and the DOC's "Head of Security Threat Group Unit." ECF No. 11. Williams contends prison officials violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First, Eighth, and Fourteenth Amendments by denying him religious materials (certain literature and a crown), as well as access to religious services. Defendants moved to dismiss, ECF No. 32, and the magistrate judge issued a report and recommendation concluding the court should deny the motion in large part but should dismiss Williams's Eighth Amendment claim and claims against Defendant Hickman, ECF No. 36. Williams submitted objections to the report and recommendation (ECF No. 38); Defendants did not.

1

Having considered the matter de novo, and having considered Williams's objections (ECF No. 38), I now grant the motion to dismiss in part and adopt the report and recommendation in part.

## A.

Defendants first contend the statute of limitations bars all claims. This is an affirmative defense, and courts typically do not address affirmative defenses at the motion-to-dismiss stage. But a court can dismiss if it is clear from the complaint that the defense will succeed. *See Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016). Defendants have not shown that to be the case here.

Defendants rely exclusively on a one-year statute of limitations, but as the magistrate judge correctly notes, that is not the right one. Williams sued under § 1983 and RLUIPA. It is settled that the statute of limitations for the § 1983 claims is four years. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). The statute of limitations for RLUIPA claims is also four years. *See* 28 U.S.C. § 1658(a) (stating that civil claims which arise under an Act of Congress enacted after December 1, 1990 are subject to a four-year statute of limitations); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (applying § 1658(a) to RLUIPA claims). Defendants have not shown that Williams's claims are untimely under a four-year statute of limitations.

**B.**

Next, Defendants contend Williams has not alleged facts to support a claim for First Amendment retaliation. ECF No. 32 at 7-11. But Williams has not brought such a claim, so this provides no basis for dismissal.

Defendants also argue Williams has not stated a First Amendment Free Exercise or RLUIPA claim because he has not alleged facts showing a substantial burden on the exercise of his religious beliefs. ECF No. 32 at 11-12. "[A] burden is substantial when it 'prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief.'" *Davila v. Gladden*, 777 F.3d 1198, 1205 (11th Cir. 2015) (quoting in parenthetical *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014)). "[A] substantial burden is 'more than an inconvenience' and is 'akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly.'" *Dorman v. Aronofsky*, 36 F.4th 1306, 1314 (11th Cir. 2022) (quoting *Thai Meditation Ass'n of Ala., Inc. v. City of Mobile*, 980 F.3d 821, 829-30 (11th Cir. 2020)).

Williams alleges Defendants denied him access to his religion's literature,[1] refused to allow him to host religious gatherings, and confiscated the head covering

---

[1] Williams alleges that this literature is "central to Plaintiff's connecting with his God-Centered-Culture while incarcerated." ECF No. 11 at 5.

3

his faith requires males to wear. *Id.* at 5, 7, 9. At this stage, this is enough to plausibly allege a substantial burden.

Defendants further contend that Williams has not alleged a sincerely held religious belief. ECF No. 32 at 12-13. But I agree with the magistrate judge that this argument is without merit. Finally, to the extent Defendants argue that their restrictions are reasonable or otherwise justified, *see* ECF No. 32 at 12 ("[S]aid limitations and confiscations were in the interest of maintaining security of the prison system . . . ."), Defendants have not shown that the court can find this to be the case based solely on Williams's factual allegations.

## C.

Next, Defendants argue the court should dismiss the Fourteenth Amendment claim. Their argument is unclear. They quote *Albright v. Oliver*, 510 U.S. 266 (1994), which says that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" ECF No. 32 at 13. To the extent they argue Williams is bringing a substantive due process claim, they misread the complaint. Williams pleaded no such claim. At any rate, Defendants have not shown a basis to dismiss Williams's Fourteenth Amendment claim.

**D.**

I agree with the magistrate judge that I should dismiss the Eighth Amendment claim. Williams's allegations do not show a deprivation so "extreme" as to "'pose[] an unreasonable risk of serious damage to his future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation omitted). Williams's Eighth Amendment claim will be dismissed.

**E.**

Defendants also argue that Williams lacks standing to sue Defendant Hickman. ECF No. 32 at 16-17. To have standing, Williams must show that he suffered "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision," *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Defendants challenge the second and third prongs. They contend Williams's injury is not traceable to Hickman because he did not create the DOC's policies. They also contend the injury is not redressable as to Hickman because injunctive relief against him would ineffective. ECF No. 32 at 16-17. The magistrate judge agreed regarding traceability and recommended that the claims against Hickman be dismissed. ECF No. 36 at 23. Williams objected to that recommendation. ECF No. 38.

Williams sued Hickman in his official capacity, which means he effectively sued the DOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, regardless of whether Dixon or Hickman is named as the Defendant, Williams really seeks relief from the DOC. However, because Williams also sued Dixon in his official capacity, his claims against Hickman are duplicative and will be dismissed. *Cf. Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (affirming directed verdict against named official because "[t]o keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury").

### F.

Last, the magistrate judge correctly concludes the Eleventh Amendment does not require dismissal because Williams seeks only prospective relief, and he has sued a state officer in his official capacity. *See Ex parte Young*, 209 U.S. 123, 157 (1908).

### CONCLUSION

The motion to dismiss (ECF No. 32) is GRANTED in part. The Eighth Amendment claim is DISMISSED for failure to state a claim. Claims against Defendant Hickman are DISMISSED without prejudice as duplicative.

The court adopts the report and recommendation to the extent consistent with this order.

The magistrate judge will conduct further appropriate proceedings.

SO ORDERED on July 23, 2024.

s/ *Allen Winsor*
United States District Judge